UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 15-10008 DSF (PLAx) | Date | 6/30/16 |
|---|---|---|---|
| Title | LPP Mortgage Ltd., L.P. v. David W. Gates, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Motion to Dismiss Counterclaim (Dkt. No. 44)

   Plaintiff and Counterdefendant LPP Mortgage Ltd., L.P. moves to dismiss Defendant and Counterclaimant David W. Gates's first amended counterclaim for violations of the Truth in Lending Act. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for July 11, 2016 is removed from the Court's calendar.

   Among other grounds, LPP asserts that the TILA claim should be dismissed because it was filed outside of the relevant statute of limitations periods. A rescission demand under TILA must be made within three years of the consummation of the transaction. 15 U.S.C. § 1635(f); Jesinoski v. Countrywide Home Loans, Inc., 135 S.Ct. 790, 792 (2015). Under current law, a damages claim for certain mortgage loan related violations of TILA must be brought within three years of the occurrence of the violation. 15 U.S.C. § 1640(e).[1] The loan in question closed on September 20, 2005. At best, Gates made a demand for rescission on October 17, 2011. Gates's counterclaim for damages was filed on March 31, 2016. Gates claims that his time for rescission should run from the date of the Jesinoski decision, but provides no support for this assertion. There is no question that the right to rescission was already established prior to Jesinoski. Jesinoski

---

[1] The statute of limitations was extended from one to three years by legislation passed in 2010. The Court need not decide which version of the statute applies to Gates's claim because he failed to file his TILA damages claim within three years.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

only clarified the manner in which rescission had to be requested prior to the expiration of the three-year period.  Gates neither demanded rescission nor brought a TILA rescission claim in court within the three-year period.  Gates argues that his damages claim is subject to equitable tolling, but his only facts in support of tolling are the violation of TILA itself.  It makes no sense to toll a TILA claim solely based on the fact of a TILA violation; in that case TILA would effectively have no statute of limitations at all.

   The motion to dismiss is GRANTED.

   IT IS SO ORDERED.