UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 15-10008 DSF (PLAx) | Date | 8/30/16 |
|---|---|---|---|
| Title | LPP Mortgage Ltd., L.P. v. David W. Gates, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion for Sanctions (Dkt. No. 55)

Plaintiff and Counterdefendant LPP Mortgage Ltd., L.P. moves for sanctions against Defendant and Counterclaimant David W. Gates pursuant to Rule 11, 28 U.S.C. § 1927, and the inherent power of the Court.

Sanctions are appropriate under Rule 11. "When, as here, a complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (citation and quotation marks omitted). If both prongs are met, the filing is frivolous and therefore sanctionable. Id. "The key question in assessing frivolousness is whether a complaint states an arguable claim – not whether the pleader is correct in his perception of the law." Hudson v. Moore Bus. Forms, Inc., 836 F.2d 1156, 1159 (9th Cir. 1987). Therefore, "ultimate failure on the merits is irrelevant." Id.

There is no question that Defendant's amended counterclaims were legally baseless from an objective perspective. The Court previously discussed the counterclaims' failings in its order dismissing the counterclaims. To elaborate, Defendant did not demand rescission of his loan until more than three years after the loan closed. Defendant's argument that Jesinoski v. Countrywide Home Loans, Inc., 135 S.Ct. 790, 792 (2015) somehow helps him is nonsense. Jesinoski clarified only that a demand for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

rescission – not a lawsuit for rescission – must be made within three years.  But Defendant did not even demand rescission within three years, so even after <u>Jesinoski</u> his demand was untimely.  Defendant's argument that the loan somehow did not close on September 20, 2005 because Washington Mutual was not the "true lender" is completely unsupported by law or fact.  The loan documents list Washington Mutual as the lender and Defendant became obligated on the debt to Washington Mutual as of September 20, 2005.  <u>See</u> Compl. Ex. B; <u>see also</u> First Am. Counterclaim ¶ 7.  <u>Jackson v. Grant</u>, 890 F.2d 118, 121 (9th Cir. 1989) is of no help to Defendant.  The holding of that case hinged on the fact that no lender at all was listed on the note at the time that the loan was purportedly consummated.  No objectively reasonable lawyer could think that the same reasoning applies to a situation where the lender is clearly listed and the borrower was clearly obligated to pay that lender.  Defendant's TILA damages claim was even less viable.  A TILA damages claim has a statute of limitations period of one year.  The TILA damages claim was filed in September 2016, almost 11 years after the closing of the loan.  As stated in the order dismissing the counterclaims, Defendant's equitable tolling argument was frivolous because it would effectively write the TILA statute of limitations out of the law.

Nothing in Defendant's response to the motion for sanctions suggests that Defendant's counsel made any reasonable and competent inquiry into the merits of the positions taken in the filing of the counterclaims and the opposition to the motion to dismiss.  Instead, Defendant repeats the obviously erroneous propositions put forth in opposition to the motion to dismiss.  Counsel also seems to believe that if counsel can devise a baseless argument that has not been directly rejected by a court, it is not frivolous to raise that argument.  But some questions are "matters of first impression" because the argument is not one that any reasonable lawyer would make.  That is the case here.

Sanctions under Rule 11(b)(2) for frivolous legal claims are only available against counsel.  However, given the history of the dispute between the parties, a finding of improper purpose on behalf of Defendant David W. Gates is appropriate.  <u>See</u> Fed. R. Civ. P. 11(b)(1).  In its sanctions motion, Plaintiff recounts the extensive history of Gates's use of the legal system to delay foreclosure for four and a half years through the filing of meritless complaints.  This history combined with the extremely frivolous nature of the counterclaims leads to a reasonable inference that the counterclaims were filed for the improper purpose of complicating the proceedings and needlessly increasing the cost of the litigation.

The motion for sanctions is GRANTED.  Defendant David W. Gates, his counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Patricia Rodriguez, and Rodriguez Law Group, Inc. are liable, jointly and severally, for sanctions in the amount of $17,474.50 payable to Plaintiff LPP Mortgage Ltd., L.P.[1] The sanctions are to be paid no later than September 23, 2016. At the hearing on the motion, Rodriguez requested a ten-month payment schedule for any sanction that might be imposed. The request is denied. The amount of the sanction is not unusually large. Also, Plaintiff's fees incurred in countering defense counsel's sanctionable conduct presumably have either been paid or will be due soon, so Plaintiff should not be forced to wait ten months for full compensation for those fees.

    IT IS SO ORDERED.

---

[1] This amount corresponds to the attorney's fees incurred by Plaintiff in responding to the counterclaim and amended counterclaim and the fees incurred prosecuting the motion for sanctions. The amount requested is reasonable and appropriate for the work done – and Defendant does not argue otherwise. Compensation for the work responding to both the counterclaim and amended counterclaim is appropriate because Plaintiff's counsel identified issues in the counterclaim as sanctionable that were restated in the amended counterclaim.