UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

| | |
|---|---|
| Case No. | CV 15-10008 DSF (PLAx) |
| Date | 12/19/16 |
| Title | LPP Mortgage Ltd., L.P. v. David W. Gates, et al. |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiff LPP Mortgage Ltd., L.P.'s Motion for Summary Judgment (Dkt. 73)

Plaintiff LPP Mortgage Ltd., L.P. moves for summary judgment against Defendant David W. Gates, Trustee of the David W. Gates trust dated August 5, 1996 on its claim seeking to foreclose on real property located in Santa Barbara, California (the Property).[1] The motion is GRANTED.

## I. FACTUAL BACKGROUND

On or about September 25, 2005, Gates obtained a $1,142,302 mortgage loan memorialized by a Note he executed (the Gates Note). SUF 1. The loan was secured by a Deed of Trust Gates executed in favor of Washington Mutual Bank, FA against the Property (the Gates Deed of Trust). SUF 2. The Gates Deed of Trust was recorded in the Official Records of Santa Barbara County on September 29, 2005. SUF 3. LPP contends

---

[1] Default was previously entered against Defendant JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank (Chase). Dkt. 38. Chase acquired a second loan Gates obtained that was secured by the Property. SUF 13-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

it was assigned the Gates Note and Deed of Trust, submitting evidence that the Gates Note identifies LPP as to the entity to which it is payable, and that LPP has maintained physical possession of the original Gates Note and Deed of Trust since August 22, 2008. Hamilton Decl., ¶¶ 5-6 & Exs. A-C.  LPP also submits that Gates is in default, owing $1,341,777.89 as of November 30, 2016 and that Gates was notified of his default on November 19, 2015.  Hamilton Decl., ¶¶ 8-9, 11, 13 & Exs. E-F; McClendon Decl., Ex. N (Gates Depo. at 14:18-22; 15:16-25; 25:4-9; 28:23-29:18).  LPP also submits evidence that LPP has advanced $39,849.59 in property taxes that Gates has not repaid.  Hamilton Decl. at ¶ 10.  While Gates agrees he has failed to pay property taxes associated with the Property, see SUF 7, he otherwise argues that triable issues exist regarding the assignment of and LPP's possession of the Gates Note and Deed of Trust, and therefore whether LPP may declare that Gates is in default and how much he owes.  See Def. Stmt. Disp. & Undisp. Facts (DSUF) at 4-6, 8-9, 11, 23.  For similar reasons, Gates argues there are triable issues regarding whether LPP has agreed to amend or change the terms of the Gates Note or Deed of Trust, released claims it has or may have against Gates, or consented to his default.  DSUF 16-18.

The parties have been in involved in litigation over the Property prior to this action.  Gates first sought a preliminary injunction to prevent a trustee's sale of the Property, which was denied.  See Request for Judicial Notice (RJN), Ex. 2.[2]  Gates filed for bankruptcy and dismissed that action – although he also appealed the denial of the preliminary injunction, which was dismissed as moot in light of Gates's voluntary dismissal.  RJN, Exs. 3-4.  In bankruptcy, Gates stipulated to making loan payments to LPP.  Id., Exs. 5-6.  After the bankruptcy action was dismissed, Gates filed his second suit against LPP, which was removed to this Court.  Id., Exs. 7-8.  This Court granted LPP's motion to dismiss with leave to amend, but Gates chose to dismiss that second suit without prejudice.  Id., Exs. 9-10.  Gates then filed a third lawsuit where the state court sustained LPP's demurrer without leave to amend, which was affirmed by the Court of Appeal.  Id., Exs. 11-14.

## II.   LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court

---

[2] Courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because the moving party here has the burden of proof at trial, it must establish "beyond controversy every essential element" of its claim. So. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (internal quotation marks omitted).

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphases in original). An issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. Id. at 250-51. "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment. Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir. 1989).

"[A] district court is not entitled to weigh the evidence and resolve disputed underlying factual issues." Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1161 (9th Cir. 1992). Rather, "the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (internal quotation marks and ellipsis omitted).

### III. DISCUSSION

The parties agree a judicial foreclosure claim under California Code of Civil Procedure sections 725a and 726(a) requires proof of: (1) an obligation, such as execution of a note; (2) the security: execution of the mortgage or deed of trust and its recordation; (3) the plaintiff's ownership of the note and mortgage/deed of trust if it is a transferee (4) default by the borrower; (5) interests of defendants other than the borrower; and (6) attorneys' fees and other expenses. See Mot. at 7 (citing 5 Witkin, Cal. Proc. 5th Plead, § 675); Opp. at 6 (same).

The first and second elements are undisputed: Gates acknowledges he obtained a loan memorialized by a Note he executed, the loan was secured by a Deed of Trust he executed against the Property, and the Deed of Trust was recorded. SUF 1-3. The fifth element – here, relevant to Defendant Chase who obtained an interest in a junior lien – is also undisputed. SUF 13-15; see also Dkt. 38. There is also no dispute LPP incurred fees and other expenses associated with this lawsuit. SUF 12.

Gates argues there are triable issues regarding whether LPP is the holder of the Gates Note, and may therefore declare default and foreclose. See Opp. at 7. Gates also argues this creates triable issues regarding his numerous affirmative defenses. Id. at 9-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

To carry its burden on its ownership of the Gates Note and right to foreclose, LPP provides a declaration from Grant Hamilton, employed by MGC Mortgage, Inc. (the servicer for certain loans owned by LPP, including the Gates loan)[3] stating that he examined the original "wet ink" Gates Note and Gates Deed of Trust in a vault in Texas, and that the Allonge – naming LPP as the assignee[4] – was affixed to the original Gates Note. Hamilton Decl., ¶¶ 2-5 & Exs. A-B.[5] Copies of these originals are provided. Id. Hamilton also provides evidence that MGC's tracking system, which logs receipt of original notes and deeds of trusts, shows LPP received the original Gates Note and Deed of Trust on August 22, 2008 and has maintained possession continuously since that date. Id. at ¶ 6 & Ex. C.

In response, Gates presents only the declaration of Steven Corser, a purported expert witness. See Corser Decl. at ¶ 2. There are numerous problems with this evidence. First, Gates's disclosure of Corser was untimely. See Dkt. 51.[6] Gates's failure to demonstrate why his untimely disclosure is substantially justified or harmless – particularly given the parties' history with these issues – means the Court may refuse to allow this evidence. See Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 969 n.5 (9th Cir. 2006); see also Wong v. Regents of Univ. of California, 410 F.3d 1052, 1060-62 (9th Cir. 2005).

Even if the Court considers it, Gates has not met his burden of demonstrating Corser's declaration is admissible. See Lust By & Through Lust v. Merrell Dow Pharm., Inc., 89 F.3d 594, 598 (9th Cir. 1996). This Court must ensure expert testimony is relevant and reliable. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141-42 (1999) (Daubert "gatekeeping" obligation applies to all expert testimony). "Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs." Guidroz-Brault v. Missouri Pac. R. Co., 254 F.3d 825, 829 (9th Cir. 2001) (citing Daubert).

---

[3] MGC also retained a sub-servicer, Dovenmuehle Mortgage, Inc., in April 2010 to sub-service certain loans, including the Gates loan. See Hamilton Decl. at ¶ 3 n.1.

[4] The original Gates Note indicates the original lender, Washington Mutual, assigned the Gates Note as payable to DB Structured Products, Inc. Hamilton Decl., Ex. A at 6. The Allonge indicates that DB Structured Products, Inc. then assigned the Gates Note as payable to LPP. Id., Ex. A at 8.

[5] This is consistent with Hamilton's deposition testimony. See McClendon Decl., Ex. O (Hamilton Depo. at 18:1-19:2).

[6] Gates's opposition to LPP's motion was also untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Corser provides little information about his education and training relevant to his purported expert opinion, his conclusions lack factual support, and the opinions he provides require no scientific, technical, or other specialized knowledge. Instead, he speculates – despite a non-matching loan number, for which he offers no opinion – that based on some matching data points (zip code, loan amount, interest rates, origination month and year) the attached Exhibit 1 shows the Gates Note was transferred to the WaMu Mortgage Pass-Through Certificate Series 2005 AR-16 Securitized Trust. Corser states, for example, that the attached spreadsheet confirms the "Transaction Type (Refi)" and "the Deed of Trust recorded on September 29, 2005." Corser Decl. at ¶ 14. But the rows highlighted on Exhibit 1 indicate the "Purpose" was "Equity takeout" rather than "Refinance" and nowhere indicate a date of September 29, 2005. Given that the "matching information" – on which Corser bases his opinions – is not "exactly confirmed" by the information in Exhibit 1, the Court concludes that Corser's opinions consist of inadmissible, unsupported speculation.[7]

Corser's declaration is also inadmissible because he offers opinions as to legal questions, i.e., whether there was a transfer of an interest in the Gates Note and whether LPP is the holder of the Gates Note. See United States v. Boulware, 558 F.3d 971, 975 (9th Cir. 2009) (expert witness cannot give an opinion as to a legal conclusion, i.e., an opinion on an ultimate issue of law).

Even if the Court looks beyond all these issues, Corser's declaration alone fails to put in dispute any material fact. The undisputed evidence shows the Gates Note is a negotiable instrument under California Commercial Code § 3104(a) because: it was made payable to the order of Washington Mutual at the time it was issued, it is payable at a definite time, and it did not require Gates to undertake any act other than payment of money (aside from maintaining the Property to secure payment). SUF 20-22. Under Commercial Code § 3301, the "holder" of an instrument is "entitled to enforce" that negotiable instrument "even though the person is not the owner of the instrument or is in wrongful possession of the instrument." A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person in possession." Cal. Com. Code § 1201(b)(21)(A).

While Corser provides testimony that "the subject Note was in fact pooled into the specified Trust" and "Defendant's loan has not been transferred out of the specified

---

[7] This is underscored by Corser's failure to offer an explanation why the "Curr. Amt" field shows "0" or why the "Paidoff" field indicates "05/2006" and there is a notation of "Paidoff" – when Gates has acknowledged, in September 2012 and more recently at his deposition in September 2016, that money was still owed on the loan. See RJN, Exs. 5-6; see also McClendon Decl., Ex N (Gates Depo. at 14:18-22; 15:16-25; 25:4-9; 28:23-29:18).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Trust" this does not dispute the evidence offered by LPP that it is in physical possession of the original Gates Note, which identifies LPP as the party to which it is payable, such that LPP is the beneficiary under the Deed of Trust and has the right to foreclose. See Hamilton Decl., ¶¶ 5-6 & Exs. A-C; see also, e.g., Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919, 927 (2016) ("The deed of trust . . . is inseparable from the note it secures, and follows it even without a separate assignment."); United States v. Thornburg, 82 F.3d 886, 892 (9th Cir. 1996) (assignment of note sufficient for standing to foreclose under California law); cf. LNV Corp. v. Fauley, 178 F. Supp. 3d 1043, 1046-48 (D. Or. 2016), appeal dismissed (Aug. 22, 2016) (granting summary judgment for judicial foreclosure where defendant failed to dispute plaintiff's physical possession of note).[8]

For similar reasons, Gates has failed to dispute whether the loan is in default. LPP again points to the declaration of Hamilton, an MGC employee familiar with servicing Gates's loan, who states that Gates has failed to make payments, including tax payments – which LPP has advanced to prevent a tax lien sale[9] – and that the loan remains due for the August 1, 2011 payment and all monthly payments since. Hamilton Decl., ¶¶ 9-10. LPP also submits a payoff statement, indicating Gates had to pay $1,341,777.89 to pay the loan in full through November 30, 2016, Hamilton Decl. at ¶ 11 & Ex. E,[10] and a notice of breach dated November 19, 2015 that was sent to Gates by MGC, id. at ¶ 13 & Ex. F.

Gates has not presented any evidence to dispute that he is in default; instead, in his deposition, Gates admitted that he has not paid back the loan, has not made all property tax payments, and owes money on the loan. McClendon Decl., Ex N (Gates Depo. at 14:18-22, 15:16-25, 25:4-9, 28:23-29:18; 39:20-40:13); see also SUF 7 (Gates has failed

---

[8] Similar to the defendant in LNV Corp. v. Fauley, at the hearing Gates raised, for the first time, the possibility that the Note LPP holds is not authentic. 178 F. Supp. 3d at 1048. This new theory is pure speculation and unsupported by any evidence. Id. (quoting Nelson v. Pima Cmty. Coll., 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

[9] The copy of the original Gates Deed of Trust that LPP submits states: "Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument[.]" Hamilton Decl., Ex B at 5.

[10] The payoff statement provided indicates unpaid principal in the amount of $1,117,739.75 and interest in the amount of $177,766 and accruing at $99.52 per day. See Hamilton Decl., Ex. E. LPP is also holding remaining insurance proceeds totaling $19,667.53 in a restricted escrow account, which should be credited against Gates's indebtedness. See SUF 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

to pay property taxes associated with the Property). Gates does also cite Corser's declaration. But even if the Court looks beyond the numerous issues discussed above, Corser's statements that the loan was placed in a securitized trust and has remained there does not dispute the evidence presented by LPP indicating that Gates has failed to make payments, including tax payments, and has been notified of his default.

Nor do Corser's statements – even if considered – warrant denying LPP's motion on the basis of Gates's affirmative defenses, on which Gates bears the burden of proof. Gates relies on a theory that Corser's opinions relate to a variety of affirmative defenses because his opinions show LPP cannot be the note holder and so does not have the authority to foreclose. As discussed above, Corser's statements fail to raise triable issues regarding LPP's physical possession of the Gates Note identifying LPP as the party to which it is payable, or Gates's failure to make payments and pay property taxes resulting in his default, for which he received notice.

For these reasons, LPP's motion is GRANTED. LPP has elected to waive any deficiency judgment against Gates if the sale proceeds are insufficient to pay the amounts due on the loan. Mot. at 18 n.10. LPP has indicated that it intends to submit a motion for attorneys' fees pursuant to Fed. R. Civ. P. 54 and this Court's Standing Order. The Court directs LPP to do so within the time limits and as prescribed by the Local Rules and this Court's Standing Order. LPP is also directed to lodge an updated proposed judgment containing the findings required by Code of Civil Procedure section 726(b), including proposed findings as to: the amount of LPP's attorneys' fees; the actual costs of the foreclosure and sale; and a breakdown of the miscellaneous fees/charges LPP is requesting, including any fees or charges referenced in the payoff statement provided.

IT IS SO ORDERED.