UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 15-10008 DSF (PLAx) | Date | 02/17/17 |
|---|---|---|---|
| Title | LPP Mortgage Ltd., L.P. v. David W. Gates, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Plaintiff's Motion for Attorney's Fees (Dkt. 94)

## I.   BACKGROUND

The Court granted Plaintiff LPP Mortgage Ltd., L.P.'s motion for summary judgment against Defendant David W. Gates, Trustee of the David W. Gates Trust dated August 5, 1996 on its claim seeking to foreclose on real property located in Santa Barbara, California.  Dkt. 92.  Default was previously entered against Defendant JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank.  Dkt. 38.[1]  The Court also dismissed Gates's counterclaim against LPP.  Dkt. 54.  LPP now moves for an award of attorney's fees and costs.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for February 27, 2017 is removed from the Court's calendar.  The motion is GRANTED.

---

[1] Chase consented to having its default entered.  Dkts. 35-37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

## II.   LEGAL STANDARD

The Court applies California law to determine whether to award attorney's fees and costs, and the amount to award.  See Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995).  Generally, each party must bear its own attorney fees for litigation in California; however, reasonable attorney fees are permitted when authorized by contract.  Cal. Civ. Proc. Code §§ 1021; 1032(b); 1033.5(a)(10)(A).  California applies the lodestar/multiplier method to determine the amount of attorney's fees to award.  Ketchum v. Moses, 24 Cal. 4th 1122, 1134-36 (2001).  The Court computes the "lodestar" by multiplying the number of hours reasonably expended by each professional by that professional's reasonable hourly rate.  Id. at 1131-32; Serrano v. Unruh, 32 Cal. 3d 621, 624 (1982).

## III.   DISCUSSION

### A. Basis for Fees and Reasonableness of Rates

LPP contends that, as the prevailing party, fees are authorized here by contract. See Mot. at 4-9 (relying on Cal. Civ. Proc. Code §§ 1021, 1032(b); 1033.5(a)(10)(A); Cal. Civ. Code § 1717; and attorney fee provisions in Note and Deed of Trust); see also Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1111, as modified on denial of reh'g (March 22, 1996) (finding no apportionment of fees necessary where the contract claim is intertwined with other claims).  Gates fails to oppose and so concedes that fees are warranted on this basis.  LPP further contends that its counsel's hourly rates are reasonable.[2]  Gates concedes the reasonableness of these rates.

### B. Time Entries with Redacted Information

Gates objects that certain time entries contain redacted information precluding him from determining whether certain work was reasonable or necessary.  After reviewing the entries with redacted information, the Court finds LPP provided sufficient information to judge whether these fees are appropriate, particularly given most entries constitute privileged communications and request reimbursement for small increments of time.  See Democratic Party of Washington State v. Reed, 388 F.3d 1281, 1286 (9th Cir. 2004); see

---

[2] These rates are: between $400 and $425 per hour for Regina J. McClendon; $325 per hour for Lindsey Kress; $190 per hour for Len Shaffer and Nelsene Richards.  See Dkt. 96 (McClendon Decl., ¶¶ 3, 5, 7 & n.1).

**MEMORANDUM**

also Wershba v. Apple Computer, Inc., 91 Cal. App. 4th 224, 255 (2001) ("California case law permits fee awards in the absence of detailed time sheets. An experienced trial judge is in a position to assess the value of the professional services rendered in his or her court.") (citations omitted). LPP may recover fees for these partially redacted entries.

### C. Fees Associated with Including Chase

Gates also objects to fees associated with naming Chase as a defendant. A "judicial sale removes liens from the property junior to the one being foreclosed if the junior lienors are made parties to the action." Sumitomo Bank v. Davis, 4 Cal. App. 4th 1306, 1314 (1992) (citations omitted); cf. Diamond Benefits Life Ins. Co. v. Troll, 66 Cal. App. 4th 1, 7-8 (1998) ("The rule that we support here simply requires a foreclosing party in a judicial foreclosure to give notice to persons who have a recorded interest in the real property which is junior to that of the foreclosing party."). If Chase had not been a party, its interests would be unaffected by the foreclosure and it could have retained a right of redemption. See Arabia v. BAC Home Loans Servicing, L.P., 208 Cal. App. 4th 462, 481 (2012) ("A junior lienholder's interest in a property that is subject to a judicial foreclosure on a senior lien is not affected if the junior lienholder is not included as a defendant in the judicial foreclosure action.") (citing Cal. Civ. Proc. Code § 726(c)); see also Diamond Benefits, 66 Cal. App. 4th at 5, 8-11.

While naming Chase was not necessary to validly foreclose its senior lien, by doing so, LPP ensures Chase's junior lien is extinguished in the foreclosure sale. The Court therefore agrees that including Chase was reasonably necessary for LPP to obtain efficient relief in its request for judicial foreclosure. The alternative – finding that LPP or Chase would be required to incur these costs – makes little sense. Gates benefitted from a second loan secured by the property; as a result, LPP then expended effort clearing this junior lien by naming Chase as an incidental defendant. Because LPP chose to pursue its remedy in this way, these fees are encompassed within the attorney fee provisions in the Note and Deed of Trust, particularly given the liberal construction of such provisions under Cal. Civ. Code § 1717(a). See Mot. at 6-7 (lender "may invoke the power of sale and any other remedies permitted by Applicable Law" and "shall be entitled to collect all expenses incurred in pursuing [these] remedies . . . including . . . reasonable attorney's fees"); see also Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC, 162 Cal. App. 4th 858, 894 (2008). For these reasons, LPP may recover these fees.

### D. Fees for Counterclaim and Sanctions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

     Gates complains that LPP includes time spent on Banks's counterclaim.  The Court previously sanctioned Gates and his counsel $17,474.50 for fees LPP incurred in moving to dismiss the counterclaim and amended counterclaim and prosecuting the related motion for sanctions.  Dkt. 67.  LPP has made clear it is not seeking double recovery for these fees.  Mot. at 10; Reply at 3-4.  LPP should not be precluded from seeking other fees not included in that sanction award, but nonetheless related to this work.  In seeking sanctions, LPP stated it was seeking recovery of the fees "it has incurred thus far" and fees it "expects to incur."  Dkt. 55 (McClendon Decl. at ¶ 17).  At the time the sanctions motion was filed, Ms. McClendon listed her hours between April 1, 2016 and May 30, 2016 and provided an estimate of the minimum hours she expected to spend before these issues were resolved – which did not occur until August 30, 2016.  See id.  At the time LPP requested $17,474.50, its counsel may not have anticipated that Gates would file a late opposition asking the Court to sanction LPP and its counsel, or that LPP would have to re-serve Gates after his counsel moved without notifying LPP.  See Dkts. 55, 60, 61.  To forbid recovery of fees because they were not included in the sanctions award would have the undesired effect of penalizing a party that brought a meritorious sanctions motion.  LPP has provided detailed time entries related to these issues, which the Court finds were reasonably necessary to resolve them, and subtracted the sanctions award to prevent improper double recovery.  Gates's arguments in opposition and blanket objections are therefore misplaced and do not provide the Court with a legitimate reason for denying these fees.

### IV.   CONCLUSION

     After considering the time entries provided and the parties' briefs, the Court finds the fees requested to be reasonable and necessary.  The Court notes, for example, that LPP seeks fees only until November 30, 2016 – despite having to spend time from December 2016 through February 2017 responding to Gates's opposition to its motion for summary judgment (which was, again, late and relied on a late-disclosed expert), appearing at the hearing on that motion, preparing the necessary judgment for a judicial foreclosure, and litigating this fees motion.  See Dkt. 96 (McClendon Decl. at ¶ 6 & Ex. A).  As LPP notes, Gates did not object to LPP's request for $6,851.98 in costs.  See Dkt. 95 at 34-36.  The Court therefore awards LPP $69,156.94 in fees and $6,851.98 in costs, for a total of $76,008.92.

     IT IS SO ORDERED.