JS 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LPP MORTGAGE LTD., L.P., a Texas Limited Partnership,<br><br>             Plaintiff,<br><br>      v.<br><br>David W. Gates, Trustee of the David W. Gates Trust dated August 5, 1996; and JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank,<br><br>             Defendants. | Case No.: 2:15-cv-10008-DSF-PLA<br><br>**JUDGMENT OF FORECLOSURE AND ORDER OF SALE** |

The Court having granted summary judgment in favor of Plaintiff LPP Mortgage Ltd., L.P. (LPP or Plaintiff) and the default of JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the

Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank (Chase) having been entered,

IT IS ORDERED that:

1. Judgment shall be entered in favor of Plaintiff against Defendants David W. Gates, Trustee of the David W. Gates Trust dated August 5, 1996 (Gates) and Chase on the terms set forth in the following paragraphs.

2. Gates is indebted to LPP in the following sums, which are secured by the deed of trust set forth in the complaint.

    a. Principal in the amount of $1,117,739.75;

    b. Interest in the amount of $177,766 through November 29, 2016, and additional interest of $99.52 per day from November 30, 2016 to the date of this judgment, for a total of $185,727.60.

    c. Miscellaneous fees/charges in the amount of $12,444.19;

    d. Attorneys' fees in the sum of $69,156.94 ($86,631.44, less $17,474.50 already paid by Gates) and costs in the amount of $6,851.98, for a total of $76,008.92;

    e. Money expended for taxes under the deed of trust in the sum of $39,849.59; and

    f. Actual costs of foreclosure and sale in the sum of $2,000;

    g. The fire insurance proceeds remaining in the restricted escrow account associated with Gates' Loan, totaling $19,667.53, and the suspense funds balance, totaling $6,132.64, shall be credited against the amount of indebtedness set forth above.

3. The Court orders that the real property described in paragraph 9, or as much of it as may be necessary, be sold in the manner prescribed by law, and that a writ of sale be issued to the Sheriff of Santa Barbara County, ordering and directing the Sheriff to conduct such sale.

4. Any party to this action may purchase the property at the sale. From the sale proceeds, the Sheriff shall pay to LPP, after deducting expenses of the levy and sale, the sums adjudged owing under paragraph 2, together with interest at the annual rate of 10 percent from the date of this judgment.

5. If any surplus remains after the payments specified in paragraph 2 are made, the surplus shall be paid first to Chase, and then to Gates.

6. Plaintiff has waived judgment for any deficiency, and therefore Gates is not personally liable for payment of the sums secured by the deed of trust.

7. On completion of the sale, the Sheriff shall execute a deed of sale to the purchasers, who may then take possession of the property, if necessary with the assistance of the Sheriff of Santa Barbara County.

8. Defendant Gates, all persons claiming from or under him, all persons and their personal representatives having liens subsequent to the deed of trust by judgment or decree on the described real property, all persons and their heirs or personal representatives having any lien or claim by or under such subsequent judgment or decree, all persons claiming under them, and all persons claiming to have acquired any estate or interest in the premises after the recordation of notice of the pendency of this action with the County Recorder are forever barred and foreclosed from all equity of redemption in and claim to the premises, from and after delivery of the deed by the Sheriff.

9. The legal description of the property that is the subject of this judgment and order is:

>That portion of Parcel 1 of Mission Ranchos, in the County of Santa Barbara, State of California, according to the map thereof filed October 11, 1955 in Book 37, Page 5 of Records of Survey, in the office of the County Recorder of said County, described as follows:

Beginning at the Northwest corner of the tract of land described in the Deed to Joseph A. Berti, recorded August 9, 1956 as Instrument no. 15563 in Book 1395, Page 23 of Official Records, records of said County, being a point of the Westerly line of said Parcel 1, from which a 2 inch brass capped survey monument set at the Northwest corner of Parcel 1 bears North 0°14'20" East 377.56 feet; thence along the Northerly line of said Berti tract of land, the following courses and distances; North 79°47' East, 101.89 feet; South 83°53'30" East 50.03 feet; North 56°13' East 197.01 feet; North 60°25'20" East 158.91 feet; and South 49°06'10" East 49.19 feet to a 3/4 inch pipe on the center line of Palomino Road and a point on the Easterly line of said Parcel 1 at the beginning of a non-tangent curve, concave to the West, having a radius of 100.23 feet, a delta of 130°28'30" and whose radial center from said point bears North 49°06'10" West; thence along the Easterly, Northerly and Westerly lines of said Parcel 1, the following courses and distances; Northerly and Northwesterly along the arc of said curve, 228.25 feet to the end thereof; North 8°25'20" East 30.00 feet; North 89°34'40" West, 410.46 feet; and South 0°14'20" West 377.56 feet to the point of beginning.

The land herein described is shown with other property on a map of survey filed in Book 38, Page 54 of Record of Surveys, in the office of the County Recorder of said County.

IT IS SO ORDERED.

Dated: February 17, 2017

                                                        _____
                                                          United States District Judge